IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81138-CV-RYSKAMP/VITNUAC

JUAN MELGAREJO,
an individual,

        Plaintiff,

v.

PYCSA PANAMA, S.A., a Panamanian
Corporation,

        Defendant.
_____/

### DEFENDANT PYCSA PANAMA, S.A.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY, FORUM NON CONVENIENS

Defendant PYCSA PANAMA, S.A. ("Pycsa"), through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(2) and Local Rule 7.1(a)(1), respectfully moves the Court for the entry of an order dismissing the complaint filed by Plaintiff Juan Melgarejo ("Plaintiff"), for lack of personal jurisdiction or, in the alternative, the entry of an order dismissing the complaint on *forum non conveniens* grounds.

### INTRODUCTION

Plaintiff, a former resident of Panama and a Mexican and U.S. citizen, has filed this current action based on anticipatory breach of contract. *See* Compl. (Attached as DE 1) and Panama Lawsuit (Attached as DE 2). The contract in question was signed at the Panamanian consulate in New York City and contracted for Plaintiff's supervisory services in a Panamanian toll road project, which dealt with toll roads built in and around Panama City, Panama. *See* Contract attached to Complaint (Attached as DE 3). All aspects of the contract required performance abroad by Plaintiff and Pycsa. *See* Declaration of Charles Haddad (Attached as DE

4). Nothing in the contract connects Plaintiff, Pycsa, and their performance under the contract to Florida.

Pycsa is a foreign corporation, incorporated in Panama. *See* Haddad Decl. at ¶ 3. The company's business involves the construction and operation of several toll roads in Panama. *Id.* at ¶ 4. Pycsa does not have an office in Miami, although it did utilize in the past an affiliate's office as a matter of convenience for the limited purposes of receiving U.S. correspondence and facilitating the procurement of materials for shipment abroad. Pycsa has no specific or general contacts with Florida to justify this Court's exercise of its jurisdiction over Pycsa.

Additionally, the Republic of Panama is the appropriate and most convenient forum for this litigation. As stated above, Pycsa is a Panama corporation, with its principal place of business in Panama. During the negotiations and performance of the contract at issue, Plaintiff was a resident of Panama and citizen of Mexico. *See* Contract & Panama Lawsuit. The parties performed the contract in Panama and Mexico. *See* Haddad Decl. at ¶ 5. As per the contract terms, Panama law governs any dispute arising from the contract at issue. *See* Contract. Lastly, Plaintiff filed a similar action in Panama against Pycsa in 2010 involving the same contract. *See* Haddad Decl. at ¶12. Plaintiff continues to prosecute the action in Panama, which is already in the discovery phase. *Id.*

Panama is an adequate and available alternative forum. This case should be dismissed to Panama because it is the most convenient forum for this litigation.

## MEMORANDUM OF LAW

I.  **This Complaint Should Be Dismissed As There Is No Personal Jurisdiction Over Pycsa.**

The initial burden of alleging "sufficient jurisdictional facts to make a prima facie case" rests with the plaintiff. *Virgin Health Corp. v. Virgin Enterprise Ltd.*, 393 Fed. Appx. 623, 625-

2

626 (11th Cir. 2010). Once a defendant refutes those allegations, "the plaintiff reassumes the burden." *Id.* (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260 (11th Cir. 2009)). When analyzing whether personal jurisdiction exists over a foreign defendant, the court undertakes a two-part analysis: "whether the exercise of jurisdiction (1) comports with the long-arm statute of the forum state; and (2) does not violate the Due Process Clause of the Fourteenth Amendment." *Mazer* at 1274. Only if both prongs are satisfied may a Florida court exercise personal jurisdiction over a foreign corporation like Pycsa. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). But the facts here fail to support jurisdiction over Pycsa by this Court under either prong.

  **A.** **Pycsa Does Not Meet the Florida Long-Arm Statute's Requirements for Personal Jurisdiction.**

Analysis of the Florida long-arm statute must be construed as the Florida Supreme Court would, and in the "absence of authority from the Florida Supreme Court, [federal courts] look to the Florida district courts of appeal." *Virgin Health Corp.* at 626. The statute must be strictly construed. *See Sculptchair, Inc. v. Century Arts Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996). "Any doubts about the applicability of the statute must be resolved in favor of the defendant and against a conclusion that personal jurisdiction exists." *Keston v. FirstCollect, Inc.*, 523 F. Supp. 2d 1348, 1352 n.2 (S.D. Fla. 2007) (citing *Gadea v. Star Cruises, Ltd.*, 949 So. 2d 1143, 1150 (Fla. 3d DCA 2007)). Florida Statute §48.193 is Florida's long-arm statute, and it sets forth two forms of jurisdiction a non-resident may be subject to: specific and general. Plaintiff's allegations do not establish that Pycsa is subject to either form of personal jurisdiction.

  **i.** **There is no specific jurisdiction over Pycsa.**

According to the Plaintiff's Complaint, this Court has jurisdiction over Pycsa under §48.193(1)(a), Florida Statutes. *See* Compl. at ¶4. Florida Statutes §48.193(1)(a) states that:

3

> Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
> (a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

In order to show that a defendant is "carrying on business" for the purposes of the long-arm statute, the activities of the defendant must be considered collectively and show a general course of business activity in Florida for pecuniary benefit. *Future Tech. Today v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000). Further, "[i]t is clear that doing business in the state is not a sufficient basis, standing alone, upon which to predicate long-arm jurisdiction. There must also be some nexus or connections between the business that is conducted in Florida and the cause of action alleged." *Bloom v. A.H. Pond Co.*, 519 F. Supp. 1162, 1168 (S.D. Fla. 1981). In other words, for specific personal jurisdiction to exist under Fla Stat. § 48.193(1)(a), *Plaintiff's claims must arise from or relate to Pycsa's business operations*, if any, in Florida.

Plaintiff's claims, the anticipatory breaches of the subject contract, do not arise out of Pycsa's business activities in Florida. The contract was executed in Panama (in Panama's New York consulate) and its terms were performed in Panama, where the toll road project was constructed and all work took place. *See* Contract.

Additionally, Pycsa does not have an office in Miami, Florida. *See* Haddad Decl. at ¶ 6. It holds no Florida licenses or registrations of any kind in Florida; does not have a Florida mailing address, telephone number or listing, employees, sales representatives or registered agent; does not advertise in Florida-specific publications; and does no mailing, advertising, or solicitations in Florida. *See* Haddad Decl. at ¶¶ 6-10. In the past, Pycsa used the Miami office of an affiliate, MHMS Incorporated ("MHMS"), on a limited basis to receive U.S. correspondence and to facilitate the procurement and shipment of U.S. materials overseas to Panama. MHMS is

4

a completely separate company, is affiliated with Pycsa as they share a common corporate parent. *See* Declaration of Maximo Haddad ("Maximo Decl.) (Attached as DE 5) at ¶3,5. MHMS' office was used by Pycsa sparingly in the past, but never for any meetings, negotiations, or supervision of the contract involving Pycsa and the Plaintiff. *See* Maximo Decl. at ¶8.

### ii. There is no general jurisdiction over Pycsa.

Plaintiff also argues that general jurisdiction is proper over Pycsa because Pycsa has "sufficient continuous and systematic contacts" with Florida. *See* Complaint at ¶5. Florida Statute §48.193(2) provides that "A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. §48.193(2). However, Plaintiff does not specify any such "substantial and not isolated" activity by Pycsa in his Complaint that would subject Pycsa to the jurisdiction of Florida.

As stated before, Pycsa does not conduct business in Florida. It is a Panamanian corporation whose business involves the construction and management of the toll road project in Panama City, Panama. It has no office in Florida. An affiliate, MHMS, had an office in Miami during 2003-2008. *See* Maximo Decl. at ¶8. However, the jurisdictional contacts MHMS has in Florida, if any, cannot be attributed to Pycsa. MHMS did not perform any business activities on behalf of Pycsa. *See Id.* at ¶ 5. MHMS is a completely separate entity from Pycsa that has no ties to Pycsa other than a shared corporate parent. *Compare Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1273 (11th Cir. 2002) (stating that "[p]ersonal jurisdiction over affiliated parties, whether a parent or another related subsidiary, is warranted when the resident corporation acts on behalf of those foreign affiliates"). "The court may extend jurisdiction to any foreign corporation where

the affiliated domestic corporation 'manifests no separate corporate interests of its own and functions soley to achieve the purpose of the dominant coporation." *Id.* This is clearly not the case here. MHMS has never done any business on behalf of Pycsa, either in Florida or elsewhere. *See* Maximo Decl. ¶5. Nor can MHMS be considered an agent of Pycsa. MHMS provides managing work for a California office building, but not for Pycsa. *Id*. at ¶4. It has no connection to the toll road project in Panama. *Id*. at ¶7.

Plaintiff also mentions that Pycsa previously "availed itself of the benefits and protections of this Court" in a previous lawsuit, *Pycsa Panama, S.A. v. Tensar Earth Techno*. However, Florida courts have held that the prosecution or defense of a prior separate lawsuit cannot be used later to extend jurisdiction over a foreign corporation. *See Virgin Health Corp.* at 626 (citing *Gibbons v. Brown*, 716 So. 2d 868, 870-71 (Fla. 3d DCA 1998)); *U.S. v. Subklew*, 2001 WL 896473 (S.D. Fla. 2001). In *Gibbons*, the foreign defendant brought a civil suit against the plaintiff's husband in Florida arising out of car accident. Two years later, the plaintiff filed a separate Florida action regarding the same accident against the foreign defendant. Despite the fact that the two suits dealt with the same accident, the *Gibbons* court stated that "a current defendant's prior decision to bring a suit in Florida should not act indefinitely as a sword of Damocles hanging perilously over the head of that defendant if she later challenges jurisdiction in a separate suit (albeit a suit arising from the same subject matter.)" *Gibbons* at 870.

The *Tensar* action, a negligence suit filed by Pycsa which dealt with the failure of a retaining wall along one of the Panama toll roads, involved a completely different subject matter than the contract in dispute. Even if it were broadly construed as being from the same subject matter, Florida courts do not accept the initiation or defense of a prior suit to "provide personal jurisdiction … in a separate suit." *Subklew* at *3.

Since there is no substantial activity in Florida by Pycsa, it cannot be said that Florida's long-arm statute can subject Pycsa to the jurisdiction of the courts in Florida.

**B.      Exercising Personal Jurisdiction Over Pycsa Violates Due Process.**

Because Pycsa is not subject to either Florida's specific or general long-arm jurisdiction, this suit should be dismissed as it fails the first prong of the personal jurisdiction analysis. However, even if Florida's long-arm statute did apply to Pycsa in this case, exercising jurisdiction over Pycsa would violate the Due Process Clause of the Fourteenth Amendment.

The due process analysis involves a two-prong test: whether Pycsa has established "minimum contacts" with Florida and whether the exercise of personal jurisdiction over Pycsa would "offend traditional notions of fair play and substantial justice." *Madara,* 916 F.2d at 1516.

i.      *Minimum Contacts*

Courts consider three factors to determine whether a defendant has sufficient "minimum contacts" in the forum state to satisfy Due Process concerns: (1) whether the defendant "'purposefully directed' his activities at the forum," (2) whether "the litigation results from alleged injuries that 'arise out of or relate to' those activities;" and (3) whether defendant's conduct was such "that he should reasonably anticipate being haled into court" in Florida. *Id*. (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 at 472, 474 (1985)).

As stated above, Pycsa does not conduct, engage in, or carry on business in Florida. *See* Haddad Decl. Further, Plaintiff's causes of action and alleged damages do not arise out of any activities Pycsa performed (or failed to perform) in Florida. Given that Pycsa has never done business in Florida, the toll road project was completed solely in Panama, and the obligations of

7

the contract were performed either in Panama or in Mexico, there is no reasonable basis for Pycsa to anticipate being haled into court in Florida.

### ii. *Notions of fair play and substantial justice*

The factors to be considered when analyzing whether the exercise of jurisdiction over a foreign defendant would comport with "fair play and substantial justice" are "the burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in furthering fundamental substantive social policies." *Madera* at 1517.

Pycsa would be greatly burdened by having to come from Panama to defend a lawsuit in Florida, a state in which it does no business and has no contacts. Further, Florida has little interest in adjudicating this dispute as it involves a contract governed by Panamanian law, actions that arose in Panama, and a Panamanian corporation that does no business in Florida. By contrast, the Plaintiff can easily and effectively obtain relief in Panama for his alleged damages, seeing as he has already commenced litigation in Panama arising out of the same subject matter. Finally, neither the interstate judicial system's interests nor the shared interests of the states would be furthered by a Florida court adjudicating a purely Panamanian dispute.[1] Considering all of these factors, it is clear that exercising jurisdiction over Pycsa in this case would not comport with the requirements of the Due Process clause, and the case should be dismissed as this Court lacks personal jurisdiction over Pycsa.

[LEFT INTENTIONALLY BLANK]

---

[1] The fact Plaintiff is now a U.S. citizen does not change the entirely Panamanian nature of this dispute.

## II. This Case Should Be Dismissed on *Forum Non Conveniens* Grounds as Panama Is The Most Appropriate Forum For This Litigation.

Pycsa also argues that even if the Court finds that it has jurisdiction over Pycsa, the case should be dismissed on *forum non conveniens* grounds as Panama is the more appropriate forum for this action. When weighing the balance of these factors, it is true that deference is giving to a plaintiff's choice of forum. *Da Rocha v. Bell Helicopter Textron, Inc.*, 451 F. Supp. 2d 1318, 1321 (S.D. Fla. 2006). However, that presumption can be overturned when the evidence shows, as it does here, that the factors weigh heavily in favor of another forum. *Id*.

### A. Panama is an available and adequate forum

The first step to this Court's *forum non conveniens* analysis is to establish whether "an adequate alternative forum exists." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009). Availability and adequacy are considered separately. *Id.* An alternate forum is available if "the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254, n22 (1982). In this case, Panama is an available forum because Pycsa agrees to submit to the jurisdiction of the Panamanian courts in connection with the Plaintiff's claim if this case is dismissed on *forum non conveniens* grounds. *See* Haddad Decl. at ¶ 14(a).

The alternate forum is considered adequate if "it provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." *See King* at 1382. The alternate forum need not be perfect, only "provide a satisfactory remedy." *Id*. (citing to *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir. 2001). Florida courts have found Panama to be an adequate alternate forum. *Del Istmo Assurance Corp. v. Platon*, 2011 WL 5508641 (S.D. Fla. 2011). *See also The Scotts Co. v. Hacienda Loma Linda*, 942 So. 2d 900 (Fla. 3d DCA 2006) (finding Panama to be an adequate, alternate forum). Panama would also have personal jurisdiction over Pycsa, as it is a Panamanian corporation with its principle place

9

of business in Panama City, Panama. In fact, the Plaintiff has already brought a nearly identical lawsuit in Panama regarding the same contract at issue here and seeking virtually the same amount of damages. *See* Panama Complaint.

Additionally, Pycsa will agree to toll any statute of limitations that had not expired by the time the Complaint was filed and stipulates that it will treat the re-filed complaint as having been filed on the date this original Complaint was filed. *See* Haddad Decl. at ¶14(b).

### B.     Private interest factors

The private interest factors in this case favor dismissal to Panama. The Supreme Court has identified the following as the private interest factors that should be taken into consideration when assessing a motion to dismiss on *forum non conveniens* grounds:

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*PiperAircraft*, 454 U.S. at 241 n6.

#### 1.     Access to evidence better in Panama

The access to evidence clearly favors Panama in this case. This is a contract dispute that arises out of work completed in Panama. The offices in which this work was completed are all in Panama City, Panama. All documents surrounding the work done on the toll road project, including employment records, supervisor reports, financial statements, etc., are located in Panama. *See* Haddad Decl. at ¶ 12. None of the documents relating to this litigation are located in Florida. If this case is filed in Panama, the documents related to the litigation will be much more easily accessed and expenses of translating and transmitting all of the relevant documents

will be avoided.  Thus, Panama offers superior access to the evidence relevant to adjudicating this action and the first factor favors dismissal.

### 2. Adequate access to witnesses better obtained in Panama

Adequate access to witnesses would also be better in Panama than in the United States. Defendant's inability to obtain compulsory process over relevant witnesses who reside in Panama is a factor that weighs heavily in favor of dismissal.  "[T]o fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their cases on depositions, is to create a condition not satisfactory to court, jury or most litigants." *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 511 (1947).  Courts have repeatedly held that dismissal is appropriate to avoid the prejudice associated with requiring a party to defend itself in a jurisdiction where essential witnesses cannot be compelled to appear and documentary evidence cannot be obtained.  *See Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1430 (11th Cir. 2004) (unavailability of compulsory process to secure attendance of French witnesses in a U.S. court supports dismissal for forum non conveniens); *J.C. Renfroe & Sons, Inc. v. Renfroe Japan Co., Ltd.*, 515 F. Supp. 2d 1258, 1271 (M.D. Fla. 2007) (inability to compel attendance of Japanese witnesses supported dismissal).

Most, if not all, of the witnesses with information and knowledge of the contract are located either in Panama or, to a lesser extent, Mexico. *See* Haddad Decl. at ¶ 12.  If this case is not dismissed, Pycsa will be prejudiced because this Court would be unable to compel process over the overwhelming majority of relevant witnesses and evidence located in Panama.  *Tazoe v. Tam Linhas Aereas,* 2009 WL 3232908, *5 (S.D. Fla. Aug. 24, 2009) ("lack of compulsory process…militates in favor of dismissal"); *Da Rocha*, 451 F. Supp. 2d at 1324.  Dismissal is also warranted in this case because even if the witnesses consented to appear before this Court, travel

11

arrangements for those witnesses would be costly, and this expense would be completely avoided if the case was dismissed to Panama. *See Del Istmo* at *6.

### 3. Practicalities and expenses increase by keeping the case in Florida.

The vast majority of the evidence mentioned above is in Spanish. Trying this case in Florida would require incurring high translation costs, as all documents would have to be translated into English. Additionally, the costs associated with transporting the Panamanian witnesses, who make up most of the anticipated witnesses, to this Court would be formidable in terms of both time and money. Airfare, lodging and other travel costs would be incurred for depositions of each of these witnesses. A recent search of airfares has shown the cost of a round-trip ticket from Panama City, Panama to Miami, Florida ranges from $485 to $1,536 per person.[2] In addition to airfare, there would also be lodging and translator costs. These costs, which would have to be incurred again for their testimony at trial, would be avoided entirely if the trial was held in Panama. It would be more practical and much less expensive for this case to be adjudicated in Panama instead of Florida.[3]

### C.   Public interest factors

The third step of a *forum non conviens* analysis, the public interest factors, comes into play if the private interested factors have been found "in or near equipoise." *King* at 1384. Although the private interest factors weigh in favor of dismissal, even assuming they were balanced amongst the parties, the public interest factors would also weigh in favor of dismissing the case in favor of Panama. "Public interest factors include each forum's interest in hearing the case, the administrative burdens placed on the Court in hearing the case, and the need to apply foreign law." *Id*.

---

[2] Based on a search conducted on April 14, 2012 on expedia.com for a three-day stay in Florida in September.
[3] Additionally, given the irregular service of process on Pycsa, there may be issues enforcing a future judgment in Panama.

      **1.**      **Panama has a vested interest in deciding this case which involves Panamanian parties and arises out of actions which arose in Panama.**

Panama has a much greater interest in the adjudication of this case than Florida. This is a contract dispute which is governed by Panamanian law. *See* Contract. The acts required under the contract were performed in either Panama or Mexico, and no performance under the contract was conducted or required in Florida. *See* Haddad Decl. at ¶5. Pycsa is a Panamanian corporation that does its business and is headquartered in Panama, and the work for the Panama toll road project was all conducted in Panama. Panama has a vested interested in actions that arise out of the labor done in its country and the corporations of Panama. By contrast, Florida has little connection to this litigation as Pycsa does no business in Florida, the contract involved work to be done on a Panamanian toll road project, and the performance of the subject contract did not involve any performance conducted in Florida. This first factor favors dismissing Plaintiff's lawsuit in favor of Panama.

      **2.**      **Administrative burdens**

The administrative burdens that would be associated with conducting a trial in this Court favor dismissal. As stated above, the majority of the documents and records related to the subject contract and the performance of the subject contract are in Panama or Mexico. *See* Haddad Decl. at ¶ 12. As Pycsa is a Panamanian corporation conducting business in Panama and Mexico, the majority of those documents are in Spanish. High costs of translating these documents into English would have to be incurred if this case was litigated in Florida. Additionally, many of the anticipated witnesses are residents of Panama and translators for each would be required for both their depositions and testimony at trial. These burdens would not exist if the case was dismissed to the more convenient forum of Panama.

### 3. Panamanian law applies.

In addition to the administrative burdens already mentioned above, this Court would further be burdened because Panamanian, not U.S., law applies to this dispute. As is clear from the terms of the contract at issue here, the law of Panama applies. *See* Contract. Adjudicating this dispute in Florida would subject this Court and jurors of this state to have to learn and apply the unfamiliar laws of Panama, including laws involving the assessment of damages and statutes of limitation, for a case that involves a Panamanian corporation and involves a contract dispute with no ties to Florida. This factor also weighs in favor of dismissing this case to Panama.

### D. Plaintiff Can Reinstate His Complaint in Panama Without Undue Inconvenience or Prejudice.

As a Panamanian company Pycsa is subject to service of process in Panama. Even if it was not, Pycsa agrees to make itself subject to service of process in Panama. *See* Haddad Decl. at ¶14(a). Additionally, Pycsa agrees to treat the complaint filed in Panama as if it had been filed on the date that this Complaint was filed in Miami, Florida. In other words, Pycsa agrees to toll any statute of limitations that had not already expired by the time the Miami Complaint was filed. *See Id*. at ¶14(b). Plaintiff also has the option of amending the action he has already commenced in Panama, which contains almost identical claims to the ones here, with relative ease. *See* Panama Compl. Thus, Plaintiff would be able to refile his Complaint in Panama without undue inconvenience or prejudice.

### CONCLUSION

Dismissal of this complaint is warranted because there is no personal jurisdiction over Pycsa. Neither the requirements of Florida's long-arm jurisdiction statute nor the Due Process requirements of the Fourteenth Amendment are met. Pycsa has no contacts, business or otherwise, in Florida, and no portion of the contract's performance is connected with this state.

As such, exercising jurisdiction over Pycsa would not comport with notions of "fair play and substantial justice" as Pycsa had no reasonable expectation that its Panamanian toll road project and the subject contract which was performed abroad would subject it to being haled into a Florida court.

Dismissal under the doctrine of *forum non conveniens* is also be appropriate as Panama is an adequate and more appropriate forum than Florida, the private and public interests weigh heavily in favor of dismissal to Panama, and the Plaintiff can easily reinstate his lawsuit there. Additionally, Plaintiff has already commenced a lawsuit in Panama, arising out of the same contract and requesting similar damages, which is in a more advanced stage than the Florida lawsuit.

For the foregoing reasons, Defendant Pycsa Panama, S.A. requests that the Court dismiss Plaintiff's lawsuit based on the Court's lack of personal jurisdiction over Pycsa, or alternatively, the doctrine of *forum non conveniens*.

Dated: April 17, 2012

Respectfully submitted,

s/ Jose A. Casal
HOLLAND & KNIGHT LLP
Jose A. Casal (FBN 767522)
jose.casal@hklaw.com
Laura Maria Gonzalez (FBN 0074358)
laura.gonzalez@hklaw.com
701 Brickell Avenue, Suite 3000
Miami, Florida  33131
Telephone: 305.374.8500
Fax: 305.789.7799

Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 17, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

Victoria E. Brieant, Esq.
Irene Oria, Esq.
Stroock & Stroock & Lavan LLP
3100 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-5323
vbrieant@stroock.com
ioria@stroock.com
(Electronic and U.S. Mail)

                                                        s/ Jose A. Casal
                                                        Jose A. Casal