## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-81138-CIV-RYSKAMP/HOPKINS

JUAN MELGAREJO,

      Plaintiff,

v.

PYCSA PANAMA, S.A., a
Panamanian Corporation,

      Defendant.

_____/

### ORDER GRANTING MOTION TO DISMISS FOR LACK OF
### PERSONAL JURISDICTION

THIS CAUSE comes before the Court pursuant to Defendant's motion to dismiss for lack

of personal jurisdiction, filed April 17, 2012 **[DE 22]**.  Plaintiff responded on June 4, 2012 **[DE

25]**.  Defendant replied on June 29, 2012 **[DE 28]**.  This motion is ripe for adjudication.

### I.      BACKGROUND

Plaintiff, a former resident of Panama and a Mexican and U.S. citizen, has filed this

current action based on anticipatory breach of contract.  The contract in question was signed at

the Panamanian consulate in New York City and contracted for Plaintiff's supervisory services in

a Panamanian toll road project, which dealt with toll roads built in and around Panama City,

Panama.  All aspects of the contract required performance abroad by Plaintiff and Pycsa.

Pycsa is a foreign corporation incorporated in Panama.  The company's business involves

the construction and operation of several toll roads in Panama.  Pycsa does not have an office in

Miami, although it did use in the past an affiliate's office as a matter of convenience for the

2

limited purposes of receiving U.S. correspondence and facilitating the procurement of materials for shipment abroad.

## II.      LEGAL STANDARD

The initial burden of alleging "sufficient jurisdictional facts to make a prima facie case" rests with the plaintiff.  *Virgin Health Corp. v. Virgin Enterprise Ltd.*, 393 Fed. Appx. 623, 625 (11th Cir. 2010).  Once a defendant refutes those allegations, "the plaintiff reassumes the burden." *Id.* at 626 (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260 (11th Cir. 2009)).  When analyzing whether personal jurisdiction exists over a foreign defendant, the court undertakes a two-part analysis: "whether the exercise of jurisdiction (1) comports with the long-arm statute of the forum state; and (2) does not violate the Due Process Clause of the Fourteenth Amendment." *Mazer*, 556 F.3d at 1274.  Only if both prongs are satisfied may a Florida court exercise personal jurisdiction over a foreign corporation like Pycsa.  *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990).

## III.      DISCUSSION

Analysis of the Florida long-arm statute must be construed as the Florida Supreme Court would, and in the "absence of authority from the Florida Supreme Court, [federal courts] look to the Florida district courts of appeal." *Virgin Health Corp.* 393 Fed.Appx. at 626.  The statute must be strictly construed.  *See Sculptchair, Inc. v. Century Arts Ltd.*, 94 F.3d 623, 627 (11th Cir. 1996). "Any doubts about the applicability of the statute must be resolved in favor of the defendant and against a conclusion that personal jurisdiction exists." *Keston v. FirstCollect, Inc.*, 523 F. Supp. 2d 1348, 1352 n.2 (S.D. Fla. 2007) (citing *Gadea v. Star Cruises, Ltd.*, 949 So. 2d

1143, 1150 (Fla. 3d DCA 2007)).  Florida Statute §48.193 is Florida's long-arm statute, and it

sets forth two forms of jurisdiction a non-resident may be subject to: specific and general.

**A.      There is no specific jurisdiction over Pycsa.**

According to the Plaintiff's Complaint, this Court has jurisdiction over Pycsa under

§48.193(1)(a), Florida Statutes.  Florida Statutes §48.193(1)(a) states that:

> Any person, whether or not a citizen or resident of this state, who
> personally or through an agent does any of the acts enumerated in
> this subsection thereby submits himself or herself and, if he or she
> is a natural person, his or her personal representative to the
> jurisdiction of the courts of this state for any cause of action arising
> from the doing of any of the following acts:
>
> (a) Operating, conducting, engaging in, or carrying on a business or
> business venture in this state or having an office or agency in this
> state.

In order to show that a defendant is "carrying on business" for the purposes of the long-

arm statute, the activities of the defendant must be considered collectively and show a general

course of business activity in Florida for pecuniary benefit.  *Future Tech. Today v. OSF*

*Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000).  Further, "[i]t is clear that doing business

in the state is not a sufficient basis, standing alone, upon which to predicate long-arm

jurisdiction.  There must also be some nexus or connections between the business that is

conducted in Florida and the cause of action alleged." *Bloom v. A.H. Pond Co.*, 519 F. Supp.

1162, 1168 (S.D. Fla. 1981).  Otherwise stated, for specific personal jurisdiction to exist under

Fla Stat. § 48.193(1)(a), Plaintiff's claims must arise from or relate to Pycsa's business

operations, if any, in Florida.

4

Plaintiff's claims, the anticipatory breaches of the subject contract, do not arise out of Pycsa's business activities in Florida.  The contract was executed in Panama (in Panama's New York consulate) and its terms were performed in Panama, where the toll road project was constructed and all work took place.

Pycsa does not have an office in Miami, Florida.  It holds no Florida licenses or registrations; does not have a Florida mailing address, telephone number or listing, employees, sales representatives or registered agent; does not advertise in Florida-specific publications; and does no mailing, advertising, or solicitations in Florida.  In the past, Pycsa used the Miami office of an affiliate, MHMS Incorporated ("MHMS"), on a limited basis to receive U.S. correspondence and to facilitate the procurement and shipment of U.S. materials overseas to Panama.  MHMS is a completely separate company and is only affiliated with Pycsa in that they share a common corporate parent.  MHMS's office was used by Pycsa sparingly in the past, but never for any meetings, negotiations, or supervision of the contract involving Pycsa and the Plaintiff.

The contract was negotiated between Maximo Haddad and Plaintiff in meetings held in Panama or Mexico, and Pycsa denies that any negotiations involving this contract ever took place in Florida.  Pycsa's use of an affiliate's Miami office, as alleged by Plaintiff, did not involve the negotiation, signing or execution of the contract at issue.  Nor did Pycsa's minimal use of that office relate to the alleged anticipatory breach of that contract.  Thus, the causes of action brought by Plaintiff against Pycsa do not have a nexus or connection to Pycsa's very limited business activities in Florida.

5

**B.      There is no general jurisdiction over Pycsa.**

Plaintiff also argues that general jurisdiction is proper over Pycsa because Pycsa has

sufficient continuous and systematic contacts with Florida.  Florida Statute §48.193(2) provides

that "A defendant who is engaged in substantial and not isolated activity within this state,

whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of

the courts of this state, whether or not the claim arises from that activity."  Plaintiff does not

specify any such "substantial and not isolated" activity by Pycsa that would subject Pycsa to the

jurisdiction of Florida.

As stated before, Pycsa does not conduct business in Florida.  It is a Panamanian

corporation whose business involves the construction and management of the toll road project in

Panama City, Panama.  It has no office in Florida.  MHMS had an office in Miami during 2003-

2008.  However, the jurisdictional contacts MHMS has in Florida, if any, cannot be attributed to

Pycsa.  MHMS did not perform any business activities on behalf of Pycsa.  MHMS is a

completely separate entity from Pycsa that has no ties to Pycsa other than a shared corporate

parent.  *Compare Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1273 (11th Cir. 2002) (stating

that "[p]ersonal jurisdiction over affiliated parties, whether a parent or another related subsidiary,

is warranted when the resident corporation acts on behalf of those foreign affiliates").  "The court

may extend jurisdiction to any foreign corporation where the affiliated domestic corporation

'manifests no separate corporate interests of its own and functions solely to achieve the purpose

of the dominant coporation." *Id.*  Such is not the case here.  MHMS has never done any business

on behalf of Pycsa, either in Florida or elsewhere.  Nor can MHMS be considered an agent of

Pycsa.  MHMS provides managing work for a California office building, but not for Pycsa.  It

6

has no connection to the toll road project in Panama.

      Plaintiff also mentions that Pycsa previously "availed itself of the benefits and protections of this Court" in a previous lawsuit, *Pycsa Panama, S.A. v. Tensar Earth Techno*.  However, Florida courts have held that the prosecution or defense of a prior separate lawsuit cannot be used later to extend jurisdiction over a foreign corporation.  *See Virgin Health Corp.* 393 Fed.Appx. at 626 (citing *Gibbons v. Brown*, 716 So. 2d 868, 870-71 (Fla. 3d DCA 1998)); *U.S. v. Subklew*, 2001 WL 896473 (S.D. Fla. 2001).  In *Gibbons*, the foreign defendant brought a civil suit against the plaintiff's husband in Florida arising out of car accident.  Two years later, the plaintiff filed a separate Florida action regarding the same accident against the foreign defendant.  Despite the fact that the two suits dealt with the same accident, the *Gibbons* court stated that "a current defendant's prior decision to bring a suit in Florida should not act indefinitely as a sword of Damocles hanging perilously over the head of that defendant if she later challenges jurisdiction in a separate suit (albeit a suit arising from the same subject matter.)" *Gibbons*, 716 So.2d 870.

      The *Tensar* action, a negligence suit filed by Pycsa which dealt with the failure of a retaining wall along one of the Panama toll roads, involved a completely different subject matter than the contract in dispute.  Even if it were broadly construed as being from the same subject matter, Florida courts do not accept the initiation or defense of a prior suit to "provide personal jurisdiction … in a separate suit."  *Subklew*, 2001 WL 896473, at *3.

      Pycsa's minimal use of an affiliate's office to perform ministerial tasks unrelated to the contract in no way amounts to the level of "substantial and not isolated activity" within this State that is required to establish general jurisdiction over a foreign, non-resident defendant.

      Since there is no substantial activity in Florida by Pycsa, it cannot be said that Florida's

7

long-arm statute can subject Pycsa to the jurisdiction of the courts in Florida.

**B.      Exercising Personal Jurisdiction Over Pycsa Violates Due Process.**

Because Pycsa is not subject to either Florida's specific or general long-arm jurisdiction, this suit is as it fails the first prong of the personal jurisdiction analysis.  Even if Florida's long-arm statute did apply to Pycsa, exercising jurisdiction over Pycsa would violate the Due Process Clause of the Fourteenth Amendment.

The due process analysis involves a two-prong test: whether Pycsa has established "minimum contacts" with Florida and whether the exercise of personal jurisdiction over Pycsa would "offend traditional notions of fair play and substantial justice."  *Madara,* 916 F.2d at 1516.

Plaintiff again attempts to extend jurisdiction over Pycsa by referencing its prior litigation in this District in *Tensar.*  Such an attempt is futile as Florida courts have held that the initiation or defense of a prior suit does not "provide personal jurisdiction … in a separate suit." *Subklew*, 2001 WL 896473, at *3.  *See also Gibbons v. Brown*, 716 So. 2d at 870 (holding that even a prior case arising out of the *same* subject matter "should not act indefinitely as a sword of Damocles…over the head of [a] defendant").

**i.      Minimum Contacts**

Courts consider three factors to determine whether a defendant has sufficient "minimum contacts" in the forum state to satisfy Due Process concerns: (1) whether the defendant "'purposefully directed' his activities at the forum," (2) whether "the litigation results from alleged injuries that 'arise out of or relate to' those activities;" and (3) whether defendant's conduct was such "that he should reasonably anticipate being haled into court" in Florida.  *Id*.

(citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 at 472, 474 (1985)).

As stated above, Pycsa does not conduct, engage in, or carry on business in Florida. Further, Plaintiff's causes of action and alleged damages do not arise out of any activities Pycsa performed (or failed to perform) in Florida. Given that Pycsa has never done business in Florida, the toll road project was completed solely in Panama, and the obligations of the contract were performed either in Panama or in Mexico, there is no reasonable basis for Pycsa to anticipate being haled into court in Florida.

### ii.      Notions of fair play and substantial justice

The factors to be considered when analyzing whether the exercise of jurisdiction over a foreign defendant would comport with "fair play and substantial justice" are "the burden on the defendant in defending the lawsuit, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies and the shared interest of the states in furthering fundamental substantive social policies." *Madera*, 916 F.2d at 1517.

Pycsa would be greatly burdened by having to come from Panama to defend a lawsuit in Florida, a state in which it does no business and has no contacts. Further, Florida has little interest in adjudicating this dispute as it involves a contract governed by Panamanian law, actions that arose in Panama, and a Panamanian corporation that does no business in Florida. By contrast, the Plaintiff can easily and effectively obtain relief in Panama for his alleged damages, seeing as he has already commenced litigation in Panama arising out of the same subject matter. Finally, neither the interstate judicial system's interests nor the shared interests of the states

9

would be furthered by a Florida court adjudicating a purely Panamanian dispute.  Considering all of these factors, it is clear that exercising jurisdiction over Pycsa in this case would not comport with the requirements of the Due Process clause, and the case is dismissed as this Court lacks personal jurisdiction over Pycsa.

### IV.     CONCLUSION

THE COURT, having considered the pertinent portions of the record and being otherwise fully advised, hereby

ORDERS AND ADJUDGES that the motion to dismiss the complaint for lack of personal jurisdiction, filed April 17, 2012 **[DE 22]**, is GRANTED.  The above-styled case is DISMISSED WITH PREJUDICE.  The Clerk of Court shall CLOSE this case and DENY any pending motions as MOOT.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 14th day of August, 2012.

S/Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE